DRENNEN, J., dissenting: As a result of respondent’s concession of the right of the corporate petitioner to deduct the costs incurred by it or its management in its unsuccessful proxy fight, and the conclusion of the majority of this Court that the corporate petitioner may also deduct the amount it reimbursed the insurgent stockholders for their costs incurred in their successful proxy fight, the corporation is ■allowed to deduct the total cost of the proxy fight to both sides. It seems to me that it would be in only very unusual circumstances, which I do not find in this case, that the expenses incurred by both sides of the proxy fight could be said to be ordinary and necessary business expenses, and proximately related to the business, of the corporation. The majority opinion says, “It is now settled law that costs incurred by a stockholder in a proxy contest may be deducted by him as ‘ordinary and necessary’ expenses under section 212, at least to the extent that they are proximately related to the stockholder’s income-producing activities,” citing Graham v. Commissioner, 326 F. 2d 878, and Surasky v. United States, 325 F. 2d 191. The opinion also points out that the Internal Eevenue Service has ruled that it will follow the decisions in those cases if the expenditures “are proximately related to either the production or collection of income or to the management, conservation, or maintenance of property held for the production of income.” See Rev. Rul. 64-236, 1964-2 C.B. 64. It may be “settled law” that such costs are deductible in the sense that the Commissioner’s statement in the above revenue ruling that he will follow the Graham and Surasky cases, and his statement in Rev. Rul. 67-1, 1967-1 C.B. 28, that he will follow Cooke Manufacturing Cos. v. United States, 237 F. Supp. 80, will encourage revenue agents to allow insurgent stockholders to deduct such costs, and will allow the corporation to deduct the costs incurred by existing management in proxy fights. But, even so, I do not believe it follows that the corporation should be allowed to deduct the costs incurred by the successful insurgent stockholders in a proxy fight as an ordinary and necessary business expense of the corporation. The majority opinion finds that “the proxy fight expenses incurred by incoming management which petitioner paid or reimbursed were just as proximately related to its business as those of ousted management which the Government concedes to be deductible.” I would disagree with this except in quite unusual circumstances. When the insurgent stockholders incurred these expenses they were not “incoming management.” They had no authority to act for the corporation and were acting either to protect their own income-producing property or to promote their own interests. If we accept the statement of the majority that it is “settled law” that the stockholders may deduct their costs in a proxy fight under section 212, and also the conclusion of the majority in this case that the corporation may deduct the amounts it reimburses the insurgent stockholders under section 162, the question of whether the costs incurred by the insurgent stockholders were proximately related to the business of the corporation or were proximately related to the production of income for the stockholders would seem to turn on whether the insurgents are successful in the proxy fight. I doubt that this is a proper criterion. Every group of insurgent stockholders engaged in a proxy fight for control of a corporation will give reasons why their management of the corporation would be better for the corporation than the management of the incumbents. Of course the incumbents will give reasons to the contrary. It would seem to follow from the conclusion reached by the majority herein and from the cases relied upon that in the usual proxy fight if the insurgents are successful they will have the corporation reimburse them for their expenditures and the corporation will be allowed to deduct the amounts reimbursed as well as the costs it incurred in support of its existing management, while if the insurgents are unsuccessful the corporation will deduct its own costs and the insurgents will be allowed to deduct their unreimbursed expenses under section 212. This should encourage proxy fights, which might become rather expensive not only to the Government through its loss of revenue, but to the corporate stockholders as well. In my opinion, in order to be deductible as ordinary and necessary business expenses by the corporation, the expenditures here involved must be shown to have been considerably more directly related to the business (and for the benefit) of the corporation than has been shown here. I would not allow the deduction. Withey and Hoyt, JJ., agree with this dissent.